UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEE MCCULLOM,<br><br>Plaintiff,<br><br>v.<br><br>ALAMEDA COUNTY SHERIFF'S DEPT., et al.,<br><br>Defendants. | Case No. 19-06003 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner proceeding *pro se*, filed documents which were construed as an attempt to open a civil rights action pursuant to 42 U.S.C. § 1983. (Docket No. 1.) In response to a Clerk's notice advising him that the complaint was not submitted on the proper form, (Docket No. 3), Plaintiff filed a complaint using the court's form along with attachments. (Docket No. 5.) Before the Court had an opportunity to screen the complaint, Plaintiff filed an amended complaint on November 4, 2019, titled "amended class action 42 U.S.C. 1983 complaint [*sic*]." (Docket No. 8 at 1.) The Court finds that the amended complaint is the operative complaint in this matter. *See* Fed. R. Civ. P. 15(a)(1). Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

///

**DISCUSSION**

A. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. **Class Action**

As a preliminary matter, the Court addresses Plaintiff's assertion that this is a "class action" under § 1983. (Docket No. 8 at 1.) Plaintiff includes the names of several other plaintiffs who appear to be similarly situated prisoners. (*Id.* at 3.) The Court will construe this assertion as a request for class certification pursuant to Fed. R. Civ. P. 23.

The prerequisites to maintenance of a class action are that (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law and fact, (3) the representative party's claims or defenses are typical of the class claims or defenses, and (4) the representative party will fairly and adequately protect the class interests. *See* Fed. R. Civ. P. 23(a). *Pro se* prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ('a litigant appearing in propria persona has no authority to represent anyone other than himself"). Here, Plaintiff is proceeding *pro se*,

2

and therefore cannot adequately represent the intended class. Accordingly, his request for class certification is DENIED. *See*, *e.g.*, *Griffin v. Smith*, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that *pro se* prisoner cannot adequately represent class). The other "plaintiffs" listed on the amended complaint shall be removed from this action. (Docket No. 8 at 1, 3.) If they desire to pursue any claims on their own, they must do so by each filing separate actions.

C. **Plaintiff's Claims**

According to the first few pages of the amended complaint, Plaintiff is suing employees of the Alameda County Sheriff's Department, the Sheriff of Contra Costa County, officers at the Santa Rita Jail Facility in Dublin, employees at the Napa State Hospital, and several other individuals located at different addresses. (Am. Compl. at 3, 4.) Plaintiff's allegations include the following: (1) claims of false arrest, false imprisonment, issuance of an improper arrest warrant, and malicious prosecution against the Alameda County Sheriff's Department, Santa Rita Jail officers, and the Oakland Police Department from whom Plaintiff seeks damages, (*id.* at 5); (2) inadequate medical care for HIV at the Santa Rita Jail, (*id.* at 6, 7); and (3) ineffective assistance of counsel from his public defender, (*id.* at 7). With respect to the medical claim and the claim involving counsel, Plaintiff wants "Federal monitors" to be placed inside County offices, including the Alameda County District Attorney's Office, and in superior court buildings throughout Alameda County. (*Id.* at 6, 7.)

The amended complaint is problematic for several reasons. First of all, the amended complaint contains different claims against different defendants which do not appear to be related. "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated

claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id*. (citing 28 U.S.C. § 1915(g)).

Here, it is clear the various claims raised against different defendants throughout Alameda County and Contra Costa County are not all related to each other and do not all arise out of the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20(a)(2). Specifically, the claims attacking the lawfulness of his conviction are not related to the claims regarding conditions of confinement, i.e., his medical treatment. "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that, in prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims, prisoner made no effort to show that 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is common to all defendants). Accordingly, the Court finds that the unrelated claims against unrelated Defendants are improperly joined in this single action. In the interest of justice, Plaintiff shall be granted leave to file another amended complaint containing only related claims against the appropriate Defendants.

Secondly, Plaintiff seeks damages based on allegedly unlawful criminal proceedings against him in Alameda County. If an action for damages is based on an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

4

determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.

In summary, Plaintiff may only pursue claims for damages based on unconstitutional conviction or imprisonment in this action if he can show that the unlawful conviction has been invalidated and therefore not barred by *Heck*. Unless he can do so, the only claims he can pursue in this action are the claims regarding his medical treatment at Santa Rita County Jail. However, if he can show that the unlawful conviction has been invalidated, then he must choose to pursue in this action **either** the claims related to that conviction **or** the claims regarding his medical treatment. Plaintiff may pursue any claims he chooses to forego in this action, that are not *Heck*-barred, by filing them in a separate action and paying the related filing fees.

Lastly, Plaintiff's request for "Federal monitors" is not the type of relief that is available through a § 1983 action. Available remedies include damages, *see Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1988), injunctive relief, 18 U.S.C. §§ 3626(a)(1)(A), 3626(a)(2), and declaratory relief, *see Eccles v. Peoples Bank of Lakewood Village, Cal.*, 333 U.S. 426, 431 (1948).

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. Plaintiff's request for class certification is **DENIED**. This matter shall proceed with Mr. McCullom as the sole plaintiff in this action. All other individuals named as plaintiffs, (Docket No. 8 at 1, 3), shall be terminated from this action.

2. The amended complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file a second amended complaint that complies with Rules 18(a) and 20(a) of the Federal Rules of Civil

Procedure. The second amended complaint must include the caption and civil case number used in this order, Case No. C 19-06003 BLF (PR), and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The second amended complaint supersedes the original and amended complaints, which are treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in the second amended complaint are no longer claims and defendants not named in the second amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: January 27, 2020

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\HRL\CR.19\06003McCullom_dwlta