UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN MCCULLOM,

    Plaintiff,

v.

ALAMEDA SHERIFF'S DEPT., et al.,

    Defendants.

Case No. 19-06003 BLF (PR)

**ORDER DENYING POST-JUDGMENT MOTION FOR RELIEF**

(Docket No. 13)

    Plaintiff, a state prisoner, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 5. On January 27, 2020, the Court dismissed the complaint with leave to amend to correct various deficiencies. Dkt. No. 9. Plaintiff was directed to file an amended complaint within twenty-eight days from the date the order was filed and advised that failure to respond would result in the dismissal of the action without prejudice and without further notice to Plaintiff. *Id.* at 6. When the deadline passed without a response, the Court dismissed the action without prejudice on March 5, 2020, for Plaintiff's for failure to file an amended complaint in the time provided. Dkt. No. 11. Judgement was entered the same day. Dkt. No. 12.

    After one year and nearly four months of silence in this matter, Plaintiff has

recently filed a paper titled "Refiling Case No. 19-cv-6003 BLF," followed by "motion for three-Judge District court review pursuant to 28 U.S.C.A. 2284(b)(3) under Fed. R. Civ. P. (7)(b)" and "for temporary or permanent restraining order against these defendants," citing "28 U.S.C.A. 1332." Dkt. No. 13.

This post-judgment motion for relief must be denied. First of all, a three-judge court must be convened under 28 U.S.C. § 2284(b)(3) when required by Act of Congress, or an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body. 28 U.S.C. § 2284(a). It simply does not apply to this § 1983 action. Rule 7(b) of the Federal Rules of Civil Procedures describes "motions and other papers" that may be filed in the district court and provides no basis for considering the type of post-judgment relief Plaintiff seeks. Fed. R. Civ. P. 7(b). Lastly, 28 U.S.C. § 1332 sets forth the standard for original jurisdiction, not a basis for injunctive relief. Accordingly, none of the law cited by Plaintiff justifies any post-judgment relief.

With respect to the motion for a temporary or permanent restraining order, the motion must be denied. "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). The standard for issuing a TRO is similar to that required for a preliminary injunction. *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). As explained above, Plaintiff has yet to file a viable complaint as this action was dismissed for his failure to file an amended

complaint correcting the deficiencies discussed in the Court's screening order.  *See supra* at 1.  Accordingly, Plaintiff has established none of the factors under *Winter* to warrant preliminary relief, e.g., likelihood of success on the merits or irreparable harm.  Accordingly, the motion for a restraining order is DENIED as without merit.

If Plaintiff wants the Court to reconsider the judgment and reopen this matter, he must file a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure, explaining how one or more of the six reasons therein applies to justify reconsideration of the judgment.  Fed. R. Civ. P. 60(b)(1)-(6).  Furthermore, Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c).  Since more than a year has passed since judgment was entered, only the reasons under (4), (5), and (6) of the grounds for relief under subsection (b) may be asserted at this time.  *See* Fed. R. Civ. P. 60(c)(1).  Plaintiff must file a motion for reconsideration under Rule 60(b) **no later than twenty-eight (28) days** from the date this order is filed.  In the motion, Plaintiff must also justify the delay in filing the motion, showing good cause that 1 year and 4 months may be considered a "reasonable time" under Rule 60(c).

This order terminates Docket No. 13.

**IT IS SO ORDERED.**

Dated:  ___**August 3, 2021**____

BETH LABSON FREEMAN
United States District Judge

Order Denying Motion for Post-Judgment Relief
P:\PRO-SE\BLF\CR.19\06003McCullom_deny.motion

3